KRIS A. MCLEAN
Assistant U.S. Attorney
W. ADAM DUERK
Special Assistant U.S. Attorney
U.S. Attorney=s Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2d Floor
Missoula, MT 59802
Phone:   (406) 542-8851
FAX:   (406) 542-1476
Email: kris.mclean@usdoj.gov
         adam.durek@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**

DEC 21 2015

Clerk, U.S District Court
District Of Montana
Missoula

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 15- 43  M- DXC |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| PAUL LYN NISBET, | |
| Defendant. | |

| KAM | PLN | ES | Date |
|---|---|---|---|
| *(sig)* | PN | *(sig)* | 12/15/15 |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Kris A. McLean, Assistant United States Attorney for the District of Montana, and the defendant, Paul Lyn Nisbet, and his attorney, John E. Smith, have agreed upon the following:

**1.     Scope:**   This plea agreement is between the United States Attorney's Office for the District of Montana and defendant.   It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

**2.     Charges:**   Defendant agrees to plead guilty to Count 1 of the Information, which charges the crime of Conspiracy in violation of 18 U.S.C. § 371.   This offense carries a maximum punishment of 5 years imprisonment, a $ 250,000 fine, 3 years supervised release, and a $100 special assessment.   Restitution is mandatory.

**3.     Nature of the Agreement:**   The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by:

Rule 11(c)(1)(B), *Federal Rules of Criminal Procedure*.   The defendant acknowledges that the agreement will be fulfilled provided the government makes

the recommendations provided below. The defendant understands that even if the Court does not accept or follow the recommendations made by the United States, there will not be an automatic right to withdraw the plea. Rule 11(c)(3)(B), *Federal Rules of Criminal Procedure.*

**4. Admission of Guilt:** The defendant will plead guilty because defendant is in fact guilty of the charge contained in Count 1 of the Information. In pleading guilty, the defendant acknowledges that:

First, there was an agreement between two or more people to defraud Vann's, Inc.; and

Second, the defendant entered the agreement knowing of its objectives and intending to accomplish at least one of those objectives; to wit, to defraud Vann's, Inc.;

Third, one of the conspirators committed one of the listed overt acts in furtherance of the conspiracy.

**5. Waiver of Rights by Plea:**

(a) The defendant is entitled to have the charge outlined in paragraph 1, above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16

3

| KAM | PLN | JES | Date |

and not more than 23 members.

(b) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(c) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the court must approve a non-jury trial.

(e) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(f) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed

4

| KAM | PLN | JES | Date |
|---|---|---|---|
| /s/ KAM | /s/ PN | /s/ | 12/15/15 |

that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(h) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(i) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify. Or the defendant could exercise the choice to testify on his own behalf.

(j) If convicted, and within 14 days of the entry of the Judgment

5

| KAM | PLN | JES | Date |
|---|---|---|---|
| /s/ | /s/ | /s/ | 12/15/15 |

and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(k) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, *Federal Rules of Criminal Procedure*. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

(l) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

**6. Recommendations and Agreements:** The defendant and the United States have agreed that the actual loss and the intended loss attributable to this defendant which the Court should utilize to calculate the amount of loss in

6

| KAM | PLN | JES | Date |
|---|---|---|---|
| *(initials)* | *(initials)* | *(initials)* | 12/15/15 |

applying sentencing guideline section 2B1.1 is $906,300.00, resulting in a 14 offense level increase. In exchange for defendant's guilty plea, the United States will recommend that the defendant's offense level be decreased by two levels for acceptance of responsibility, under U.S.S.G. § 3E1.1(a), and will move for an additional one level, under U.S.S.G. § 3E1.1(b), if appropriate under the Guidelines, unless the defendant is found to have obstructed justice prior to sentencing under U.S.S.G. § 3C1.1, or acted in anyway inconsistent with acceptance of responsibility.

The parties reserve the right to make any other arguments at the time of sentencing. Defendant understands that the court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable. The parties reserve the right to make any other arguments at the time of sentencing that are not inconsistent with the agreement.

8. **Appeal Waiver:** *Waiver of Appeal of the Sentence § 5K motion:* The defendant acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the

7

| *KAM* | *PN* | *JES* | 12/15/15 |
|---|---|---|---|
| KAM | PLN | JES | Date |

sentence imposed in this case. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to USSG § 5K1.1 to reward the defendant for any substantial assistance provided before sentencing. If such a motion is made and the Court accepts the plea agreement, the defendant waives all right to appeal any aspect of the sentence, including conditions of probation or supervised release, imposed by the Court.

If a motion for downward departure is made under USSG § 5K1.1, the defendant also agrees to waive his right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue or maintain such an action alleging that he defendant received ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement. No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to file such a motion or make such a commitment without

8

| KAM | PLN | JES | Date |
| --- | --- | --- | --- |
| *KAM* | *PN* | | *12/15/15* |

express written approval of the U.S. Attorney or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion.

**Potential Departure** The defendant maintains that he/she can provide substantial assistance to the United States that would make him/her eligible to receive consideration from the prosecution in the form of a substantial assistance departure motion under USSG § 5K1.1 and/or 18 U.S.C. § 3553(e) and/or Rule 35, Federal Rules of Criminal Procedure.

*Obligations of the Defendant*: Substantial assistance means, for the purposes of this agreement, that the defendant agrees to:

A. provide complete, truthful, forthright, material, important, valuable and meaningful information to the best of his/her knowledge and belief bearing on any subject inquired of him by the Court, the United States Attorney's Office, the Grand Jury, or any Federal, State, or local investigative agency, and

B. provide complete, truthful, and forthright testimony if called upon in any proceeding before a Court or Grand Jury.

The defendant understands that providing materially false information or withholding material information may result in further criminal action for fraud, false statements, obstruction of justice or perjury.

9

| KAM | PLN | JES | Date |
|---|---|---|---|
| *[initials]* | *[initials]* | *[initials]* | 12/15/16 |

*Obligations of the United States*: If the defendant chooses to provide assistance, the prosecution agrees that the information provided will not be used against the defendant in any criminal proceeding, including at his own sentencing.

The United States will consider and evaluate any written proffer or nature of the information and the recommendations of law enforcement. If the prosecution concludes that the assistance provided is substantial, truthful and complete, as required, a departure motion determined by the government to be appropriate under the circumstances will be made. **By this agreement the defendant is not offered or promised that a departure motion, or any specific type of motion, will be filed by the government.**

*Acknowledgments*: The defendant acknowledges that if he commits any local, state, or federal crime (other than at the direction of law enforcement in furtherance of an investigation) that diminishes the defendant's credibility or effectiveness as a witness, the United States may, in the prosecutor's discretion, refuse to file any departure motion even though the defendant may have also provided assistance that is otherwise considered substantial. The defendant acknowledges that no promise has been made and accepts this agreement aware that no such motion will be filed if

10

KAM  PLN  JES  Date

the government determines that the information is either untruthful, willfully incomplete, of little value, or insubstantial.

*Recommendations*: If the government makes a motion for reduction of sentence, the defendant understands that the government will also make a recommendation to the Court about the extent of the departure. Although the Court is required to impose any applicable statutorily required penalties, the parties understand that the Court is not bound by the recommendations of either party.

9. **Forfeiture**: The defendant admits the Forfeiture allegation contained in the Information. In admitting the Forfeiture allegation contained in the Information, the defendant acknowledges:

The amount of $453,150 is property constituting or is derived from proceeds the defendant obtained directly or indirectly from the wire fraud conspiracy charge alleged in Count 1 of the Information;

And as such the United States is entitled to a money judgment against the defendant forfeiting the sum of $453,150 pursuant to 18 U.S.C. §§ 981(a)(1)(C); 982(a)(2), and 28 U.S.C. § 2461(c).

10. **Voluntary Plea**: The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to

11

| KAM | PLN | JES | Date |

induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

**11. Detention/Release After Plea:** The United States agrees that it will not move for detention, but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

**12. Breach:** If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

**13. Waiver of Hyde Claims:** The defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (statutory note), for attorney's fees or investigative expenses arising out of the investigation or prosecution of this matter.

12

| KAM | PLN | JES | Date |
| --- | --- | --- | --- |
| *KM* | *PN* | *(signature)* | 12/15/15 |

14. **Entire Agreement**: Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

MICHAEL W. COTTER
United States Attorney

_____
KRIS A. MCLEAN
Assistant U. S. Attorney

_____
PAUL LYN NISBET
Defendant

_____
JOHN E. SMITH
Defense Counsel

13

| KAM | PLN | JES | Date |
|-----|-----|-----|------|
| KM | PN | JES | 12/15/15 |